**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| PABLO SALTOS<br>             Plaintiff,<br><br>    v.<br><br>WALMART, INC., ABC CORPORATIONS<br>1-5, & JOHN DOES 1-5<br>             Defendants. | CIVIL ACTION<br><br>NO.<br><br>JURY TRIAL DEMANDED |

## DEFENDANT WALMART INC.'S NOTICE OF REMOVAL

Defendant Walmart Inc. (hereinafter referred to as "Walmart"), by and through its undersigned counsel, Law Offices of McDonnell & Associates, P.C., hereby files this Notice of Removal pursuant to 28 U.S.C. § 1441(a) and (b) and § 1446(b) and (c) to remove this action from the New Jersey Superior Court for Burlington County, Docket No. BUR-L-001443-25, where it is currently pending, to the United States District Court for the District of New Jersey, and avers in support thereof as follows:

1. Plaintiff Pablo Saltos (hereinafter "Plaintiff") initiated this cause of action by filing a Complaint in the New Jersey Superior Court for Burlington County on June 27, 2025. *See* a copy of Plaintiff's Complaint attached hereto at Exhibit "A."

2. Plaintiff alleges disability discrimination, retaliation, and failure to accommodate under the New Jersey Law Against Discrimination. *Id.*

3. Walmart was served on August 8, 2025 and answered the Complaint on October 10, 2025. *See* a copy of Walmart's Answer attached hereto as Exhibit "B."

4. In addition to Walmart, Plaintiff named his prior co-workers, Dorothy Lafferty and Catherine Brooks, as individual Co-Defendants. *Id.*

5. However, Plaintiff never effectuated service upon these individuals, despite a warning from the New Jersey Superior Court that they would be dismissed for lack of prosecution. *See* Lack of Prosecution Dismissal Warning dated November 7, 2025, attached hereto as Exhibit "C."

6. Consistent with the Court's warning, the individuals were dismissed on January 9, 2026 for lack of prosecution. *See* a copy of the Order dismissing Defendants Rafferty and Brooks attached hereto as Exhibit "D," which was docketed on January 10, 2026.

7. Accordingly, Walmart Inc. is the only named Defendant.

8. Removal from the New Jersey Superior Court for Burlington County is proper under 28 U.S.C. §1441(a) and (b), which authorizes the removal of any civil action of which the District Courts of the United States has original jurisdiction and if none of the parties in interest properly joined and served as a defendant is a citizen of the state in which such action is brought.

9. For the reasons set forth more fully below, this Court has original jurisdiction over the subject matter under 28 U.S.C. §1332 because the properly joined parties are citizens of different states and the matter in controversy exceeds $75,000.

I. **There is Complete Diversity of Citizenship Amongst All Joined and Served Parties**

10. Plaintiff is a citizen of the State of New Jersey. *See* Exhibit "A," Parties, ¶ 1, where Plaintiff avers that he resides in Cinnaminson, Burlington County, New Jersey.

11. Walmart has confirmed, based on its own internal employment records, that Plaintiff is a New Jersey citizen.

12. Defendant Walmart Inc. is a Delaware corporation with its principal place of business located in Arkansas. Therefore, it is a citizen of Delaware and Arkansas.

13.    Plaintiff never served the previously named Co-Defendants, Dorothy Lafferty and Catherine Brooks. Therefore, their citizenship need not be considered as part of the removal analysis. *See* 28 U.S.C. § 1441(b)(2) (providing that the diversity analysis is based on the citizenship of parties properly joined ***and served*** in the action).

14.    The "John Does" and fictitious entities named as Co-Defendants also have no citizenship for diversity purposes. *See* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded"); *see also Brooks v. Purcell*, 57 Fed. Appx. 47, 50 (3d Cir. 2002) ("there is no doubt that in determining whether there is complete diversity of citizenship we disregard the John Doe and Jane Doe defendants . . .").

15.    Accordingly, Plaintiff and Defendants are wholly diverse from one another.

**II.    The Amount in Controversy Exceeds the Jurisdictional Minimum of $75,000**

16.    In his Complaint, Plaintiff is seeking back pay, benefits, front pay, compensatory damages, consequential damages, punitive damages, prejudgment interest, attorneys' fees, costs, and enhancements. *See* Exhibit "A," *ad damnum* clauses.

17.    Plaintiff was terminated in November 2024, *see* Exhibit "A," ¶ 34, and was earning in excess of $75,000 per year when he worked at Walmart. Therefore, to the extent he is claiming back pay through the present, his Complaint meets the amount in controversy minimum on that basis alone.

18.    Plaintiff is also seeking punitive damages, which also satisfies the amount in controversy requirement in and of itself. *Atl. Util. Trailer Sales Inc. v. Harco Nat'l Ins. Co.*, 2020 U.S. Dist. LEXIS 106713, *5, 2020 WL 3287129 (D.N.J. June 18, 2020) (finding that for purposes of calculating the amount in controversy, the District Courts may assume the maximum punitive

damages award available under the New Jersey statutes, which is $350,000, or five times the compensatory damages, whichever is greater) (citing *Frederico v. Home Depot*, 507 F.3d 188, 199 (3d Cir. 2007)).

19.     Accordingly, the amount in controversy in this case far exceeds $75,000 and the within matter is properly removable to Federal Court.

20.     Lastly, this removal is timely as it is filed within 30 days after Walmart received notice that Plaintiff had no intention to pursue his claims against the individual Co-Defendants and accepted their dismissal for lack of prosecution.

**WHEREFORE**, Defendant, Walmart Inc., respectfully requests that this State Action be removed from the New Jersey Superior Court for Burlington County to the United States District Court for the District of New Jersey.

Respectfully submitted,
**MCDONNELL & ASSOCIATES, P.C.**

Dated: February 9, 2026          By:     /s/ Gwyneth R. Schrager
                                         Patrick J. McDonnell, Esquire
                                         Attorney I.D. No. 026781991
                                         Email: pmcdonnell@mcda-law.com
                                         Gwyneth R. Schrager, Esquire
                                         Attorney I.D. No. 135232014
                                         Email: gschrager@mcda-law.com
                                         500 Route 70 West
                                         Cherry Hill, NJ 08002
                                         (T) 856.429.5300 (F) 856.310.7900
                                         *Attorneys for Defendant*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| PABLO SALTOS<br><br>           Plaintiff,<br><br>    v.<br><br>WALMART, INC., ABC CORPORATIONS 1-5, & JOHN DOES 1-5<br>           Defendants. | CIVIL ACTION<br><br><br>NO.<br><br><br>JURY TRIAL DEMANDED |

**CERTIFICATE OF SERVICE**

    I, Gwyneth R. Schrager, Esquire, hereby certify that on February 9, 2026, the Notice of Removal on behalf of Defendant Walmart Inc. was filed with the Court and served via electronic and regular mail upon the following counsel of record:

Matthew A. Luber, Esq.
Jeffrey D. Ragone, Esq.
McOmber, McOmber & Luber, P.C.
50 Lake Center Drive, Suite 400
Marlton, NJ 08053
*Attorneys for Plaintiff*

**MCDONNELL & ASSOCIATES, P.C.**

Dated: February 9, 2026          By:    */s/ Gwyneth R. Schrager*
                                      Gwyneth R. Schrager, Esquire
                                      *Attorneys for Defendant*

5
